IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF THE SIERRA, a California Corporation,<br><br>                Plaintiff,<br>    v.<br><br>JOHN KALLIS, an individual, and DOES 1 through 10, inclusive,<br><br>                Defendants. | CIV F 05-1574 AWI SMS<br><br>ORDER CLOSING CASE IN LIGHT OF VOLUNTARY DISMISSAL WITH PREJUDICE |

      On May 1, 2007, a stipulation for dismissal with prejudice of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).  The notice is signed by each party who has appeared in this case.

      Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,

1  although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan
2  Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir.
3  1986).  Once the stipulation between the parties who have appeared is properly filed or made in
4  open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.
5  41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule
6  41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and
7  does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.
8  A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,
9  377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,
10 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)
11 (addressing Rule 41(a)(1)(I) dismissals).  "The plaintiff may dismiss some or all of the
12 defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal
13 "automatically terminates the action as to the defendants who are the subjects of the notice."
14 Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

15     Because a stipulation for dismissal with prejudice as to the entire action under Rule
16 41(a)(1)(ii) has been filed and is signed by all parties who have made an appearance, this case
17 has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747
18 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf.
19 Wilson, 111 F.3d at 692.

21     Therefore, IT IS HEREBY ORDERED that the Clerk close this case in light of the
22 parties's  filed and properly signed Rule 41(a)(1)(ii) Stipulation For Dismissal With Prejudice.

24 IT IS SO ORDERED.
25 **Dated:    May 2, 2007**                    /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE